**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIMOTHY HATTEN,** | : | |
| Petitioner, | : | CIVIL ACTION NO. 1:11-1051 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| **WARDEN B. A. BLEDSOE,** | : | |
| | : | |
| Respondent. | | |

# REPORT AND RECOMMENDATION[1]

On June 1, 2011, the petitioner, an inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). The petitioner claims that his Due Process rights under the United States Constitution were violated in the course of prison disciplinary actions taken against him. (*Id.*)

Hatten filed his petition along with supporting exhibits on June 1, 2011. (Doc. Nos. 1 and 2). A response to the petition, along with supporting exhibits, were filed by respondent on July 20, 2011. (Doc. No. 6). The

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

1

petitioner did not file a traverse. Thus, the matter is ripe for disposition.

**BACKGROUND**

1. Incident # 797173 and Incident # 618113

Hatten alleges he was erroneously deprived of good time credit ("GCT") in violation of the directives of 18 U.S.C. 3624(b)(1). (Doc. Nos. 1 at 3, and 2 at 1). He alleges that the Disciplinary Hearing Officer ("DHO") erred in the procedure he followed in disallowing GCT. (Doc. No. 2 at 1). On July 19, 2000, Hatten was found guilty of incident # 797173 and had 27 days of GCT taken away. (Doc. No. 2 at 3). On November 3, 1998, Hatten was found guilty of incident # 618113 and had 41 days of GCT taken away. (Doc. No. 2 at 3). Hatten alleges that the error in deprivation of GCT with regards to both of these incident numbers is that the DHO did not forward the appropriate paperwork for the disciplinary actions to the warden for approval. (Doc. No. 2 at 1).

2. Incident # 2037471

Hatten also alleges he was deprived of due process rights, both in the presentation of documentary evidence and in his staff representation at a DHO hearing for incident # 2037471 held on September 21, 2010. (Doc. No. 1 at 3). Hatten alleges that the DHO was not certified to conduct DHO hearings. (Doc. No. 2 at 23). He also challenges the timeliness of when the rewritten incident report was given to him. (*Id.*) He also claims the hearing violated his right to

privacy because it was conducted within the "open range for all the inmates to hear." (*Id.*). Finally, Hatten claims that his "life was placed in perilous imminent danger for being erroneously placed on the airlift with non submissive disruptive and rambunctious inmates who had been designated to participate in [the] SMU program. . ." (*Id.*)

## II. DISCUSSION

The United States Supreme Court has held that prison disciplinary proceedings are not part of a criminal prosecution, and as such, inmates are not entitled to the full panoply of due process rights due a criminal defendant. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In *Wolff* the Court stated that in order to satisfy the minimum requirements of procedural due process, prison disciplinary proceedings must include:

> (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action.

See *Rashid v. Yates*, 2005 WL 1277825 *2 (M.D. Pa)(*citing Wolff,* 418 U.S. at 556.

Applying these standards, it is apparent that the due process requirements in this context are minimal, and that they have been met in the petitioner's case.

3

Incident # 618113 and Incident # 797173:

Hatten alleges that the error in deprivation of GCT with regards to these two incident numbers is that the DHO did not forward the appropriate paperwork for the disciplinary actions to the warden for approval. (Doc. No. 2 at 1). The BOP's position is that although the BP-448 form is not available[2], the form is no longer in use, and the absence of this form does not warrant restoration of GCT properly disallowed as a result of a disciplinary hearing that was never appealed or overturned. (Doc. No. 2 at 8).

This court's Due Process evaluation does not focus on which internal form the BOP uses for the DHO hearings, but instead looks at whether or not the inmate receives 24 hours advance notice of the charges and whether or not the inmate receives a written decision explaining the rationale for the decision and evidence relied upon. *See Wolff, supra*. Due Process requirements do not dictate to the BOP which forms it should use to document DHO hearings. Due process concerns the procedures used prior to deprivation of GCT credit. It is clear from the exhibits that Hatten was provided with all of the appropriate written notices required by *Wolff* in both incidents. With respect to incident # 618113, Hatten was provided with written notice of the charges on September 13, 1998, approximately six weeks prior to the November 3, 1998 DHO hearing. (Doc. No. 6-1 at 7). The DHO hearing report decision was provided to Hatten on January 27, 1999, and it clearly

---

[2]It is noteworthy that both hearings occurred more than a decade ago.

explained the rationale and evidence used in making the determination to take away GCT. (Doc. No. 6-1 at 7-19). With respect to incident # 797173, Hatten was provided with written notice of the charges July 12, 2000, approximately 7 days prior to the July 19, 2000 DHO hearing. (Doc. No. 6-1 at 17). The DHO hearing report decision was provided to Hatten on July 21, 2000, and it clearly explained the rationale and evidence used in making the determination to take away GCT. (Doc. No. 6-1 at 17-24). Because it is clear from the record that the BOP comported with all due process requirements, there appears no reason to grant habeas corpus relief with respect to either of these two incident numbers.

Incident # 2037471:

Hatten alleges that the DHO was not certified to conduct DHO hearings. (Doc. No. 2 at 23). He also challenges the timeliness of when the rewritten incident report was given to him. (*Id.*) He also claims the hearing violated his right to privacy because it was conducted within the "open range for all the inmates to hear." *(Id.)*. Finally, Hatten claims that his "life was placed in perilous imminent danger for being erroneously placed on the airlift with non submissive disruptive and rambunctious inmates who had been designated to participate in [the] SMU program. . ." (*Id.*)

According to BOP policy, only a DHO can take action to disallow good conduct time. (Doc. No. 6-1 at 4, ¶ A). "The DHO will be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly

involved in the incident." 28 C.F.R. §541.8(b). Those charged "will receive written notice of the charge(s). . . at least 24 hours before the DHO's hearing," but those charged may waive this requirement. 28 C.F.R. §541.8(c). The DHO who presided at Hatten's hearing was B. Chambers. (Doc. No. 2 at 14). Hatten does not explain why or how B. Chambers was not certified to conduct DHO hearings. A review of the hearing and associated incident report indicates that B. Chambers was not a victim, witness, investigator or otherwise significantly involved in the incident. (Doc. No. 2 at 9-25). It does not appear that the use of B. Chambers as the DHO at this hearing violated BOP procedure in any way. Hatten argues that the rewritten incident report was untimely. The incident report was provided to Hatten on August 9, 2010, more than one month before the September 21, 2010 hearing was held. (Doc. No. 2 at 9). Clearly, the BOP provided Hatten with more than 24 hours advance notice of the hearing.

Hatten's third and fourth allegations regarding this incident, that his privacy was violated and that he was placed in danger by being placed with disruptive inmates, are not congnizable under § 2241. As the deprivation of the right alleged did not impact the length of detention, these claims are not cognizable as habeas claims.

Because it is clear from the record that the BOP comported with all due process requirements, there appears to be no reason to grant habeas corpus relief with respect to this incident number.

## III.   RECOMMENDATION

**(1)**   On the basis of the foregoing, it is recommended that the Petition for Habeas Corpus (Doc. No. 1) be **DENIED.**

 

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: May 15, 2012**

O:\shared\REPORTS\2011 Reports\11-1051-01.wpd