IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY HATTEN,  :
      Petitioner  :
   :
    vs.  : CIVIL NO. 1:CV-11-1051
   :
WARDEN B.A. BLEDSOE,  :
      Respondent  :
   :
   :

*M E M O R A N D U M*

      The pro se petitioner, Timothy Hatten, filed this 28 U.S.C. § 2241 petition challenging on due-process grounds three prison disciplinary proceedings that resulted in the loss of good-time credit. We denied relief. We are considering Petitioner's timely filed motion for reconsideration under Fed. R. Civ. P. 59(e).

      By way of some background, Respondents filed a response to the petition, and Petitioner filed no reply. On May 15, 2012, the magistrate judge filed a report and recommendation, recommending that the petition be denied as all due-process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 563-71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), had been met. Petitioner filed objections. On July 24, 2012, we filed an order adopting the magistrate judge's report and denied the petition. We footnoted the observation that Petitioner had made a new due-process claim in his "petition request to expedite," (Doc. 16), concerning his staff representative in disciplinary proceedings No.

2037471. We rejected the new claim because it was not presented in the habeas petition and because we decided it lacked merit in any event.

A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* It cannot be used to reargue issues that the court has already considered and disposed of. *Blanchard v. Gallick*, No. 09-1875, 2011 WL 1878226, at *1 (M.D. Pa. May 17, 2011)(Caldwell, J.)(citing *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

We will deny the motion for reconsideration because there were no errors of law or manifest injustice in our ruling denying relief. First, Petitioner argues that we failed to address his contention that due process was violated when the Bureau of Prisons (BOP) failed to adhere to its own regulations and program statements during the disciplinary hearings, not just to the due-process requirements of *Wolff*. This argument lacks merit. It relies on *Van Kahl v. Brennan*, 855 F. Supp. 1413 (M.D. Pa. 1994), but as the court in *Van Kahl* noted, when the minimum requirements of *Wolff* have been met, "an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated. *Id.* at 1421. *See also Bullard v. Scism*, 449 F. App'x 232, 235 (3d

Cir. 2011)(nonprecedential)(quoting *Van Kahl*).  Petitioner has asserted no prejudice from any alleged violation of other applicable BOP directives or regulations.

Second, Petitioner argues we erroneously concluded that the due-process claim involving his staff representative was new and we should clarify why we so concluded.  We did decide that a due-process claim presented in Petitioner's "petition request to expedite" was new and would not be considered.  That claim was that Petitioner's staff representative in No. 2037471 had failed to familiarize himself with the case.  (Doc. 16, ECF p. 4).  We adhere to our conclusion that this was a new claim.  In any event, the magistrate judge correctly disposed of any due-process claim against Petitioner's staff representative.

Third, Petitioner argues we erred in accepting the magistrate judge's recommendation that due process was not violated when the discipline hearing officer (DHO) failed to forward to the warden for his approval the BP-448 form, the good-conduct time action notice, for the loss of good-time credits imposed in disciplinary hearings No. 618113 and No. 797173.

Our decision was correct.  Petitioner asserts that the purpose of the BP-448 form was to obtain the warden's approval for the loss of good-time credits.  However, as noted in Respondent's response, the BP-448 form (which apparently is no longer used) is simply intended as notice of lost good-time credits to the staff responsible for calculating the length of time an inmate has left to serve on his sentence.  (Doc. 6, Response, ECF

-3-

18; doc. 6-1, ECF pp. 2-3). The warden has no input on the DHO's decision. Hence, due process is not implicated simply because this form may not have been executed.[1]

Fourth, Petitioner argues Respondent waived his right to object to certain of Petitioner's due-process arguments concerning disciplinary proceeding No. 2037471. We disagree. Petitioner claimed that the disciplinary hearing violated due process, and Respondent answered by showing that under *Wolff* due process had been satisfied. Even if Respondents had "waived" any response to particular due-process claims, the court would still have had to have evaluated the merits of those claims. *Cf. Lemons v. O'Sullivan,* 54 F.3d 357, 364–65 (7th Cir. 1995)(default judgments are not appropriate in 28 U.S.C. § 2254 proceedings); *United States v. Greenslade,* No. 04-405, 2009 WL 1507290 (M.D. Pa. May 28, 2009)(Caldwell, J.)(default judgments are not appropriate in § 2255 motions, citing *Lemons*).

Fifth, Petitioner argues the magistrate judge misconstrued Petitioner's claim that a staff member (identified in Petitioner's objections as G. Reese) was not certified to sit on a UDC (unit disciplinary committee) hearing, construing it instead as a claim that the DHO was not certified. Petitioner is correct that the magistrate judge did misconstrue his claim. However, the mistake was understandable and harmless. Petitioner has no claim based on what happened before the UDC. Due process applied only to the

---

[1] The BP-448 form itself, available on the BOP's website, has no signature line for the warden or any indication the warden is to approve the loss of good-time credits.

-4-

disciplinary hearing because it involved the loss of good-time credits, so the magistrate judge would have viewed any claim as focusing on the disciplinary hearing.

There is no reason for us to disturb our order of July 24, 2012, and Petitioner's motion for reconsideration will be denied.


        /s/William W. Caldwell
William W. Caldwell
United States District Judge


Date: October 4, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY HATTEN, :
      Petitioner :
 :
  vs. : CIVIL NO. 1:CV-11-1051
 :
WARDEN B.A. BLEDSOE, :
      Respondent :
 :
 :

*O R D E R*

AND NOW, this 4th day of October, 2012, it is ordered that Petitioner's motion (Doc. 18) under Fed. R. Civ. P. 59(e) for reconsideration of the order of July 24, 2012, (Doc. 17) is denied.

      /s/William W. Caldwell
      William W. Caldwell
      United States District Judge